**Richard STALLWORTH,**
**Plaintiff-Appellee,**

v.

**Laquita SHULER, both individually and as Superintendent of Schools, and Liberty County School Board, Defendants-Appellants.**

**No. 84–3488.**

United States Court of Appeals,
Eleventh Circuit.

April 5, 1985.

Clinton E. Foster, Panama City, Fla., for defendants-appellants.

Brian Norton, Mary Charlotte McCall, Tallahassee, Fla., for plaintiff-appellee.

Before RONEY, FAY, and JOHNSON, Circuit Judges.

BY THE COURT:

Plaintiff-appellee Stallworth filed two motions to dismiss this appeal alleging first, that defendants did not timely appeal the final judgment on the merits, and second, that defendants cannot appeal from a consent judgment concerning attorney's fees entered into after trial.

The final judgment was entered in this case on June 13, 1984. A consent judgment as to the amount of attorney's fees was entered June 20, 1984. Although defendants-appellants filed a timely motion for new trial or to vacate or to amend, that motion was withdrawn July 16, 1984 and a notice of appeal filed on the same date. This left pending a cross-motion for rehearing filed by plaintiff-appellee June 25, 1984. *See* Fed.R.Civ.P. 6. This motion is interpreted as a Fed.R.Civ.P. 59(e) motion. *See Woodham v. American Cystoscope Company of Pelham, N.Y.*, 335 F.2d 551, 555 (5th Cir.1964) (motion for rehearing or reconsideration within the coverage of Rule 59).

A timely motion under Fed.R.Civ.P. 59(e) to alter or amend a judgment suspends the finality of the judgment for purposes of appeal and tolls the time for taking appeal. *Hammond v. Public Finance Corp.*, 568 F.2d 1362, 1363 (5th Cir. 1978). The motion rendered defendants-appellants' notice and amended notice of appeal filed on July 16 and 26, 1984 ineffective. *See Bolden v. Odum*, 695 F.2d 549, 550 (11th Cir.1983). The district court entered an order on this motion August 17, 1984.

The notice of appeal would have to have been refiled after that date. No notice of appeal was filed but the defendants-appellants filed a bond for stay pending appeal on August 20, 1984. This Court has held specifically that a timely appeal

bond with adequate recital therein satisfies the notice of appeal requirement. *O'Neal v. United States*, 272 F.2d 412, 413 (5th Cir.1959). Thus, treating the bond as a notice of appeal, the notice of appeal was timely.

██ A record excerpt filed with this Court January 7, 1985 supports defendants' claim that only amount and not entitlement was covered by the attorney's fee consent judgment. The consent judgment therefore does not preclude appeal.

Plaintiff-appellee's motions to dismiss are DENIED.