Jack McGREGOR, Plaintiff–Appellant,

v.

**BOARD OF COMMISSIONERS OF PALM BEACH COUNTY,**
Defendant–Appellee.

No. 90–5705.

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 1992.

Mark A. Cullen, West Palm Beach, Fla., for plaintiff-appellant.

Glen J. Torcivia, Michele B. F. Leissle, West Palm Beach, Fla., for defendant-appellee.

Before DUBINA, Circuit Judge, HENDERSON and CLARK,* Senior Circuit Judges.

---

\* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. Fla.Stat.Ann. § 112.3187(4) (West 1991) states in pertinent part:

> **(4) Actions Prohibited.—**
> (a) An agency or independent contractor shall not dismiss, discipline, or take any other adverse personnel action against an

**PER CURIAM:**

The plaintiff-appellant, Jack McGregor, appeals an order from the United States District Court for the Southern District of Florida awarding attorney's fees and costs incurred by the defendant-appellee following the voluntary dismissal of his civil rights action and the denial of his motion to withdraw that earlier voluntary dismissal. Concluding that the order is a final judgment and the notice of appeal was timely filed, we hold that the district court did not abuse its discretion in requiring the payment of costs and attorney's fees or in denying McGregor's request to withdraw his voluntary dismissal. Therefore, we affirm the judgment of the district court.

## I.

McGregor filed this civil rights action in four counts against the Board of Commissioners for Palm Beach County (hereinafter the county), charging in Count I that his dismissal as the county's internal auditor infringed his due process rights without first affording him a hearing. Count II alleged a denial of his first amendment right of free speech. In Count III he claimed that the commissioners' decision to eliminate his job constituted a breach of his employment contract. Finally, in Count IV he urged that his dismissal was in retaliation for disclosing certain financial errors committed by the commissioners in violation of the Florida Whistle–Blower's Act.[1] In December of 1987, the district court granted the county's motion to dismiss Count I for failure to state a claim because it was clear from his contract with the county that McGregor was an "at-will" employee and, consequently, possessed no property interest in his employment.

On July 19, 1989, shortly before the trial on the remaining counts, McGregor filed a motion for voluntary dismissal pursuant to

> employee for disclosing information pursuant to the provisions of this section.
> (b) An agency or independent contractor shall not take any adverse action that affects the rights or interests of a person in retaliation for the person's disclosure of information under this section.
> *Id.*

Fed.R.Civ.P. 41.[2] In his motion to dismiss, he stated that "[p]laintiff, per Fed.R.Civ.P. 41, as a condition of dismissal, will agree to pay defendant's costs incurred in this action to date." R1, Tab 41. The basis for this motion to dismiss was the fact that his attorney had recently relocated his office and was not prepared to go forward with the case. *Id.* The county filed its response objecting to the motion without the imposition of certain conditions on the dismissal of the action. Among the conditions proposed by the county was the payment of the defendant's attorney's fees and costs incurred in the defense of the suit. On August 3, 1989, the district court granted McGregor's motion for voluntary dismissal without prejudice and retained jurisdiction "for the purpose of entertaining a proper application for costs and/or attorney's fees." The order was not entered on the docket sheet until August 14, 1989.[3] On September 6, 1989, the county filed a motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988, Fed.R.Civ.P. 11 and two state statutory provisions invoked by the plaintiff's complaint. McGregor filed his response opposing the award on September 15, 1989, contending that Rule 11 sanctions were not authorized because his claims were not without a legal or factual basis.

In an order dated April 3, 1990, 130 F.R.D. 464, the district court concluded that the county was entitled to attorney's fees under § 1988 and Rule 11 for pursuing a legally insufficient claim in Count I and pursuant to two state fee-shifting statutes as the prevailing party on Counts III and IV. A separate judgment memorializing the total award of $10,812.00 was entered on the docket sheet on April 11, 1990. On April 17, 1990, McGregor filed a motion for rehearing and a motion to amend the judgment. The district court denied the motions on July 23, 1990. The order was entered on the docket sheet two days later, July 25, 1990.

## II

On appeal McGregor asserts four grounds of error. First, he alleges that the district court abused its discretion in denying his motion to withdraw the voluntary dismissal of his complaint once the court awarded costs and attorney's fees. Second, he contends that the district court erred in dismissing Count I for failure to state a claim. Third, he charges that the court abused its discretion by awarding attorney's fees pursuant to Fed.R.Civ.P. 11[4] because there was a sufficient basis in law or fact to support the cause of action alleged in Count I. Fourth, it was error, he claims to award attorney's fees under 42 U.S.C. § 1988[5] respecting Count I.

---

2. Fed.R.Civ.P. 41(a)(2) provides in part:

 (2) **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice. *Id.*

3. An order or judgment is not considered final until it is entered onto the docket sheet. Fed. R.Civ.P. 58 provides that "[a] judgment is effective only when so set forth and when entered as provided in Rule 79(a)." *Id.* Rule 79(a) states that "[t]he entry of an order or judgment shall show the date the entry is made." Fed.R.Civ.P. 79(a).

4. Fed.R.Civ.P. 11 provides:

 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper;

 that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.... If a pleading ... is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred ... including a reasonable attorney's fee. Fed.R.Civ.P. 11.

5. Title 42 U.S.C. § 1988 provides:

 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs. *Id.*

Before reaching the merits of these assignments of error, we must examine our jurisdiction to review the award of costs and attorney's fees. During oral argument certain jurisdictional questions were posed *sua sponte* by the court. At that time, we requested the parties to file supplemental briefs concerning the following specific jurisdictional issues:

(1) Whether this appeal from the July 23, 1990 order denying McGregor's motion for rehearing of the judgment dated April 3, 1990 awarding attorney's fees and costs brings up for review the final order dated August 3, 1989, dismissing the case without prejudice;

(2) Whether McGregor's motion for rehearing of the district court's judgment for attorney's fees and costs tolled the time for appeal from the judgment; and

(3) Whether the district court's award of attorney's fees and costs to the defendant as a condition of granting the plaintiff's motion for voluntary dismissal is appealable.

After reviewing the briefs filed by counsel and the relevant case law, we conclude that the appeal of the judgment for attorney's fees and costs does not authorize a reexamination of the final order dismissing the action. We also hold that the motion for rehearing was timely filed so as to toll the time for appealing the final order granting the county's motion for attorney's fees and costs and, as a result, we do have jurisdiction to review the district court's judgment awarding attorney's fees and costs.

■ In McGregor's notice of appeal he states that he is appealing the final order "entered [on] this action on the 23rd day of July, 1990." R1, Tab 54. However, in his quest to overturn the district court's order granting attorney's fees on Count I pursuant to Rule 11 and § 1988, McGregor argues that the court improperly dismissed Count I for failure to state a claim in its order entered on December 15, 1987. By relying on the December 15, 1987 order, McGregor was in reality attempting to challenge the order dated August 3, 1989 and entered on August 14, 1989 granting

the motion for voluntary dismissal without prejudice. If it was a final order for purposes of 28 U.S.C. § 1291, then McGregor should have filed his notice of appeal within 30 days from the entry of that judgment. *See* Fed.R.App.P. 4. An order granting a plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2) " 'qualifies as a final judgment for purposes of appeal.' " *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 (5th Cir.1978) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)). Thus, the only way that McGregor could seek review of the order dated August 3, 1989 and entered on August 14, 1989 granting his motion for a voluntary dismissal was to file a notice of appeal within 30 days after the order was entered on the docket sheet. *See* Fed.R.Civ.P. 58 and 79(a). The notice of appeal was filed on August 22, 1990, more than a year after the order granting the motion to dismiss. Consequently, we lack jurisdiction to entertain an appeal of the final order granting McGregor's motion for a voluntary dismissal.

■ The second jurisdictional question raised during oral argument was whether the April 17, 1990, motion for rehearing of the order dated April 3, 1990 and entered on the docket on April 11, 1990 was timely filed, thus tolling the time for the filing of the appeal. This court previously held that a motion for rehearing is interpreted as a Fed.R.Civ.P. 59(e) motion. *Stallworth v. Shuler*, 758 F.2d 1409, 1410 (11th Cir.1985). Fed.R.Civ.P. 59(e) states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." *Id.* "A timely motion under Fed.R.Civ.P. 59(e) to alter or amend a judgment suspends the finality of the judgment for purposes of appeal and tolls the time for taking appeal." *Stallworth*, 758 F.2d at 1410. Therefore, if McGregor's motion for rehearing, construed as a motion to amend or alter the April 3, 1990 judgment awarding attorney's fees and costs was timely filed and the notice of appeal was submitted within 30 days of the judgment denying the motion, then there is jurisdiction to hear the appeal.

The court rendered its judgment on April 3, 1990. It was entered on the docket sheet on April 11, 1990. McGregor served his motion for a rehearing on April 17, 1990, well within the ten-day period for serving a motion to alter or amend the judgment. Based on these events, the service of the motion on April 17, 1990 tolled the time for filing an appeal. The notice of appeal was filed on August 22, 1990. Both parties agree that the notice of appeal was filed within 30 days of the denial of the motion for rehearing on July 23, 1990.

 Finally, the county urges that we do not have jurisdiction to hear any appeal arising from the district court's order granting McGregor's motion for voluntary dismissal conditioned solely on the payment of attorney's fees and costs since "awarding attorney's fees and costs did not legally prejudice" McGregor. Appellee's Supplemental Brief at 1. As a general rule, a plaintiff cannot appeal an order granting his motion for voluntary dismissal of the action. *See* 5 Moore's Federal Practice ¶ 41.05[3] (2d ed. 1991). Some circuits follow the general rule in all cases involving an appeal from the grant of a motion to voluntarily dismiss an action. In a case from the Ninth Circuit Court of Appeals where the district court granted the plaintiffs' motion for a voluntary dismissal conditioned on the reimbursement of the defendant's costs and legal fees, the court held that it was without jurisdiction to hear the plaintiffs' appeal of the award of those costs and attorney's fees. *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548 (9th Cir. 1986). "Because the conditions of costs and attorneys' fees that plaintiffs and counsel challenge does not involve legal prejudice, it is not adverse, and we have no jurisdiction over this appeal." *Unioil*, 809 F.2d at 556. The court based its reasoning on its determination that the appellants did not timely move to withdraw their dismissal motion and were, thus, considered to have accepted the conditional voluntary dismissal.

Although mindful of the general rule, this circuit has permitted an appeal growing out of an order granting a Rule 41(a)(2) voluntary dismissal. " 'The appealability of an order depends on its effects rather than its language.' " *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir.1976) (quoting *Carr v. Grace*, 516 F.2d 502, 503 n. 1 (5th Cir.1975)).[6] Therefore, if the language of the order, though facially granting the dismissal without prejudice, is onerous or prejudicial, the court will review the conditions on which the order was based. *LeCompte*, 528 F.2d at 603; *see Mortgage Guaranty Insurance Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990).

In this case, the district court dismissed the action without prejudice retaining jurisdiction to *entertain* a motion for costs and attorney's fees. The dismissal was not conditioned on the payment of the expenses incurred by the defendant. Once the motion for attorney's fees and costs was filed by the defendant, the plaintiff vigorously opposed the payment of fees and costs, even to the point of seeking to withdraw his voluntary dismissal of the case. Thus, unlike *Unioil*, the plaintiff pursued the issue by various means in the district court. Though it is common to condition dismissal on the payment of the defendant's costs, that was never an express condition in this case. Based on this distinction, it appears that we have jurisdiction to examine the district court's refusal to permit McGregor to withdraw his voluntary dismissal and determine whether the conditions imposed by the trial court constituted legal prejudice to the plaintiff.

### III

 McGregor contends that the district court abused its discretion in refusing to grant his motion for rehearing or to allow him to withdraw his motion for voluntary dismissal once the court based the dismissal on the payment of attorney's fees and costs. Even though McGregor strong-

---

**6.** *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (the Eleventh Circuit Court of Appeals adopted as binding precedent all cases decided by the Fifth Circuit Court of Appeals handed down by the close of business on September 30, 1981).

ly protested the dismissal of the case for this reason, he has no room to complain. In paragraph ten of his motion to dismiss, he offered to pay the county's "costs to date," as a condition to the dismissal. R1, Tab 41. McGregor may not have intended for the court to read the paragraph as encompassing attorney's fees. Nevertheless, errors in drafting must be construed against the party drafting the document. Moreover, McGregor was placed on notice that he may have to pay reasonable attorney's fees and costs when the district court "retain[ed] jurisdiction for the purposes of entertaining a proper application for costs and/or attorney's fees." R1, Tab 43. *See also Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988) ("[a]t common law, attorney's fees were regarded as an element of 'costs' awarded to the prevailing party"); *U.S. v. Real Property & Residence,* 920 F.2d 788, 791, n. 4 (11th Cir.1991). He made no effort to object to the court's retention of jurisdiction until a motion for that purpose was filed in September, 1989. We may not disturb a district court's exercise of discretion unless it is clear that the court abused its discretion. *Phillips v. Insurance Co. of North America,* 633 F.2d 1165 (5th Cir. Unit B 1981). Also, the lack of merit in McGregor's other alleged errors support the court's exercise of sound discretion to require the payment of attorney's fees and costs.

▮▮▮▮ The basis of the court's decision for awarding attorney's fees and costs was its dismissal of Count I for failure to state a claim in December, 1987. The dismissal of Count I gave rise to the court's finding that McGregor violated Rule 11. In deciding whether Count I was frivolous or had no basis in law or fact, the court was bound by Florida law because it was necessary to construe the employment contract within the confines and directives of the law of that state. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The contract at issue was clearly an at-will employment contract. The Florida courts have held that "[w]here the term of employment is discretionary with either party or indefinite, then either party for any rea-

son may terminate it at any time and no action may be maintained for breach of the employment contract." *Smith v. Piezo Technology and Professional Admrs.,* 427 So.2d 182, 184 (Fla.1983). McGregor could not prove that the county deprived him of *any* property interest much less without due process of law. The district court correctly found that he was not deprived of any constitutionally protected property rights. Without such a constitutional right there was no constitutional violation. *See Lillehaug v. City of Sioux Falls,* 788 F.2d 1349 (8th Cir.1986).

The court found that McGregor was liable for attorney's fees and costs pursuant to Rule 11 because Count I had no basis in law or fact. If an allegation in a complaint contains no colorable claim for relief, then a Rule 11 sanction is proper. The district court also found McGregor liable for attorney's fees and costs under 42 U.S.C. § 1988 which allows for recovery of costs and attorney's fees in civil rights actions by the prevailing party.

"[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359, 381–382 (1990). Likewise an award of attorney's fees under 42 U.S.C. § 1988 may be overturned on appeal only for an abuse of discretion. *Fernandes v. Limmer,* 663 F.2d 619, 637 (5th Cir. Unit A 1981). As we discussed earlier, our review of the record supports the district court's conclusion that Count I had no basis in law or fact. Under the standard articulated by the Supreme Court in *Cooter & Gell* we find that the district court did not abuse its discretion by assessing attorney's fees and costs against McGregor. By dismissing Count I, the county prevailed upon that issue in the district court under § 1988. Therefore, McGregor is liable for the county's costs

and attorney's fees incurred in litigating that count.

■ McGregor, however, urges that the court's imposition of costs and attorney's fees based on Rule 11 was an abuse of discretion because he did not receive notice that he may have violated the rule and, consequently, that such a sanction was inappropriate. This court has held that the language of Rule 11 is sufficient notice to exact a duty on counsel to inquire whether the complaint has a sufficient basis in law and fact. *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir.1987). In the same case we also ruled that an award of attorney's fees and costs is a sufficient sanction under Rule 11. *Id.* at 1557.

Accordingly, for the forgoing reasons the district court's order denying McGregor's motion to amend the judgment or to allow him to withdraw his motion to voluntarily dismiss the case and the district court's award of costs and attorney's fees is

AFFIRMED.

CLARK, Senior Circuit Judge, concurring in part, and dissenting in part:

I disagree with the majority's holding that we do not have jurisdiction to consider the district court's order dismissing the action for two reasons which I will briefly explain later. Since the appellant waived his right to seek review of the dismissal order, however, I would affirm the district court's dismissal. I also disagree with the majority's affirmance of the Rule 11 sanctions.

This court has two grounds for jurisdiction over McGregor's appeal from the order granting him voluntary dismissal. First, the August 3, 1989 district court order granting the voluntary dismissal was not a final judgment, as the district court "RE-TAIN[ED] JURISDICTION for the purpose of entertaining a proper application for costs and/or attorney's fees." R–43–1 (emphasis in original). This order only became final when the defense made its application for fees and costs, and the court granted it.[1] McGregor's appeal was hence timely.

There is a second possible basis for jurisdiction to vacate the grant of voluntary dismissal. The Eleventh Circuit has held that courts have the authority to recharacterize a Rule 59(e) motion to alter or amend the judgment as a Rule 60(b) motion to reopen the case. *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir.1988). Rule 60(b) motions can be made for up to a year after judgment. The court granted the voluntary dismissal on August 3, 1989, and the plaintiff's motion to amend was filed on April 18, 1990. If the motion to amend is recharacterized as a Rule 60(b) motion, the appeal is timely.

McGregor arguably does have a Rule 60(b) motion because he did not anticipate being assessed in excess of $10,000 in attorney's fees and sanctions when he voluntarily dismissed his case, agreeing only to pay costs. As an *appeal* could not have been taken from the August 3, 1989 order granting voluntary dismissal because it was not final at that time, the district court could have justifiably exercised its discretion by recharacterizing the later Rule 59(e) motion as a Rule 60(b) motion, and vacating the voluntary dismissal under Rule 60(b). This court in turn has jurisdiction to review for an abuse of discretion the district court's failure to recharacterize the Rule 59(e) motion as a Rule 60(b) motion, and thus, its failure to reinstate the case.

---

1. I find *Lau v. Glendora Unified School Dist.*, 792 F.2d 929 (9th Cir.1986) persuasive. The Ninth Circuit stated:

> The language of Rule 41(a)(2) indicates that the dismissal of the action is contingent *both* "upon order of the court" *and* upon such terms and conditions as the court deems proper." In other words, the voluntary dismissal cannot take effect until a court order has been entered *and* the terms and conditions imposed by the court are complied with. This grants to the plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous.

*Id.* at 930 (emphasis in original; citations omitted). *Lau* held that a plaintiff seeking a voluntary dismissal must be provided "*a reasonable period of time* within which to refuse the conditional voluntary dismissal by withdrawing his motion for dismissal or to accept the dismissal despite the imposition of conditions." *Id.* at 931 (emphasis added).

McGregor has waived this appeal, however, as he never filed a motion in the district court to withdraw the voluntary dismissal. Although he had the right to withdraw his voluntary dismissal within "a reasonable period of time," *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 931 (9th Cir.1986), he did not make a request to do so until the last page of his Rule 59(e) motion for rehearing, and then only as an alternative to the assessment of attorney's fees and sanctions. It is well within the discretion of the district court to deny an argument made for the first time in a motion for rehearing. *American Home Assur. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985); *Hashwani v. Barbar*, 822 F.2d 1038, 1041 (11th Cir. 1987). McGregor could have moved to withdraw his voluntary dismissal at a number of times before the motion for rehearing, for example, when the August 3, 1989 order retaining jurisdiction to assess attorney's fees was issued, or when the defendant filed its briefs requesting attorney's fees and sanctions. However, he did not. The district court thus did not abuse its discretion when it did not grant the request to withdraw made for the first time at the motion for rehearing.

I also dissent from the panel's affirmance of the Rule 11 sanctions for two reasons. First, the sanctions are not supportable. Second, even if they were, they should not have been assessed against Mr. McGregor, the plaintiff, but against Mr. Cullen, the attorney who filed the pleading which the district court found frivolous.

F.R.Civ.P. 11 states that a

pleading, motion, or other paper ... to the best of the signer's knowledge, information, and belief formed after reasonable inquiry ... [must be] well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

As there is a colorable claim that Florida law gave McGregor some property rights in his employment, the assertion of Count I may have been "warranted ... by a good faith argument for the extension ... of existing law." Thus, Rule 11 sanctions should not have been assessed.

State law determines the property interest a state employee may have in his or her employment. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972), further provides that "[a] person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim for entitlement to the benefit and that he may invoke at a hearing."

McGregor's employment contract incorporates applicable Florida law. It states:

All provisions contained in this agreement are subject and conditioned upon compliance with all general laws or special laws of the State of Florida, or local ordinances of the Board of County Commissioners. *Such laws shall take precedence over any part or portion or provision as contained herein in all instances.* (Emphasis supplied).

Florida's "Whistleblower Act of 1986," Fla.Stat. 112.3187 (1991) is a law that takes precedence over the employment contract. It states in part:

(4) ACTIONS PROHIBITED.—

(a) An agency or independent contractor shall not take any adverse personnel action against an employee for disclosing information pursuant to the provisions of this section.

. . . .

(5) NATURE OF INFORMATION DISCLOSED.—The information disclosed under this section shall include:

(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an agency or independent contractor that creates and presents a substantial and specific danger to the public's health, safety and welfare.

(b) Any act or suspected act of malfeasance, misfeasance, gross waste of funds, or neglect of duty committed by an agency.

. . . .

(7) EMPLOYEES AND PERSONS PRO-TECTED.—This section shall protect employees and persons who disclose information on their own initiative in a written and signed complaint; . . .

(8) REMEDIES.—Any employee who is discharged, disciplined, or subject to other adverse personnel action by an agency or independent contractor, or any person whose rights or interests are adversely affected by an agency or independent contractor, as a result of disclosing information under this section may, after exhausting all available contractual or administrative remedies, bring a civil action within 90 days of the final administrative determination or the violation.

This law arguably provides a rule or "mutually explicit understanding," providing McGregor some form of property interest in McGregor's employment. It provides him substantive rights and protection when he engages in some forms of activity, rights that "take precedence" over the "at will" nature of the employment contract.

The plaintiff also asserts that the Palm Beach County Merit System provided a right to a hearing and to have his termination reviewed by the Personnel Review Board. This factual assertion was not made in the complaint, but in the Motion for Rehearing and for Amendment of Judgment, filed April 18, 1990. If true, it may also be a source of property rights in the employment contract.

Admittedly, the argument that such laws and policies provide some property rights to McGregor in his employment may not prevail; however, it is not so far-fetched as to warrant Rule 11 sanctions.

Even if Rule 11 sanctions were to be assessed, however, they should not have been assessed against McGregor but against his lawyer. Our court has not been presented the precise issue but the Tenth Circuit has held, "Rule 11 directs that the

sanction should fall upon the individual *responsible* for the filing of the offending document." *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir.1985) (emphasis supplied).[2] It makes common sense that a client should not be sanctioned if his lawyer commits a Rule 11 offense by filing a frivolous pleading. There is no evidence that Count I was initiated or pursued in any way by Mr. McGregor, the represented party.

Accordingly, although I would affirm the district court's order granting the voluntary dismissal, I would reverse the assessment of Rule 11 sanctions against Mr. McGregor, the represented party.

**2.** The proposed new Rule 11 also states that "[m]onetary sanctions may not be awarded either on motion or on the court's initiative against a represented party unless it is determined to be responsible for a violation of subdivision (b)(1)." Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Proposed Amendments to the Federal Rules of Civil Procedure 11(c)(2)(A) (August 1991).