14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Mary Ann HICKEY, on Behalf of Laura Hickey, A Minor, & Mary
Ann Hickey, Individually, Plaintiffs, Appellants,
v.
WELLESLEY SCHOOL COMMITTEE, ET AL., Defendants, Appellees.
Laura HICKEY, ET AL., Plaintiffs, Appellants,
v.
WELLESLEY PUBLIC SCHOOL, ET AL., Defendants, Appellees.
 Nos. 92-2011, 92-2012.
 United States Court of Appeals,
First Circuit.
 December 21, 1993
 
 Appeals from the United States District Court for the District of Massachusetts
 Mary Ann Hickey and Laura Hickey on brief pro se.
 Albert S. Robinson on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 We have carefully reviewed the parties' briefs and the record on appeal. We find no abuse of discretion in the district court order of July 15, 1992, requiring, as a condition of proceeding with her action in 91-12558-WD, plaintiff Laura Hickey (1) to deposit $1,000 in the Registry of the Court, and (2) to file a submission with the presiding judge in 91-12558-WD that clarifies the basis of Laura Hickey's claims in her new action and explains why the complaint is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.
 
 
 2
 We conclude that, in requiring the $1,000 deposit pending the outcome of the new action, the district court justifiably balanced Laura's right of access to the court process with her responsibility to use that process appropriately. The litigation record presented by the plaintiffs' previous lawsuit shows that the balance was well-struck. Plaintiffs' argument that this requirement is inappropriate because the defendants were not the prevailing party in the first lawsuit is off the mark. The district court ordered the deposit because it determined that the plaintiffs had abused the process a conclusion amply supported by the record and not because it had determined that the defendants were the prevailing party in the first lawsuit. An order directing Laura to deposit $1,000 into the Court's Registry as a condition to proceeding with her new lawsuit is within the court's power, warranted by the facts of this case, and not an abuse of discretion. See Kern v.
 
 
 3
 TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir. 1984) (holding that plaintiff should be required to make a payment to defendant as a condition of maintaining a second action). The district court gave sufficient deference to Laura's indigency by requiring a $1,000 deposit rather than the $6,598.50 it determined was warranted. No further delineation of factors to support the $1,000 figure was required.
 
 
 4
 Similarly, we conclude that the court did not abuse its discretion in requiring the submission described above. While it appears that the voluntary dismissal without prejudice renders inapplicable the doctrines of either claim or issue preclusion to the new lawsuit, see National R.R. Passenger Corp. v. International Assoc. of Machinists & Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990), this condition, in effect, merely requires Laura to make an affirmative and supported showing of what Fed. R. Civ. P. 11 otherwise finds implicit by a party's signature i.e., that "[t]he signature of ... [a] party constitutes a certificate by the signer ... that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."
 
 
 5
 Finally, we are not persuaded by plaintiffs' claim that they were prejudiced by the court's alleged failure to send them a copy of its February 16, 1989 judgment. We note, initially, that, insofar as the plaintiffs claim that they were unaware of that judgment until January 1992, that is belied by the record. On March 27, 1989, the defendants moved to dismiss plaintiffs' appeals then pending in this court on the basis of the February 16th judgment. Plaintiffs, themselves, filed an opposition to defendants' motion on April 10, 1989. Moreover, even assuming that the plaintiffs did not timely receive notice of that February 16 judgment, they were not legally prejudiced by it. The February 16th judgment granted voluntary dismissal
 
 
 6
 on condition that, if and when plaintiffs (or either of them) seek to refile any claim asserted in this case, defendants will be allowed a hearing on their request for an order that the plaintiffs pay the costs and expenses incurred by defendants in the present action before proceeding with the new action
 
 
 7
 .
 
 
 8
 A voluntary dismissal without prejudice which provides for a future hearing in the event of a future lawsuit is neither "onerous," McGregor v. Board of Commrs. of Palm Beach County, 956 F.2d 1017, 1021 (11th Cir. 1992); Mortgage Guar. Ins. Corp. v. Richard Carlyon Co., 904 F.2d 298, 300 (5th Cir. 1990), a severe circumscription of plaintiffs' freedom to bring a later suit, LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976), or "so outrageous as to demand a full appellate review," Yoffe v. Keller Indus., Inc., 580 F.2d 126, 131 (5th Cir. 1978). In any event, since the plaintiffs appealed, and we have affirmed, the July 15, 1992 order arising from the hearing forecast in the February 16, 1989 judgment, plaintiffs' complaint about that judgment is moot.
 
 
 9
 We have considered plaintiffs' remaining arguments and find them to be without merit.[1]
 
 
 10
 Affirmed.
 
 
 
 [1]
 We note that, in plaintiffs' previous lawsuit, plaintiff Mary Ann Hickey represented herself pro se during most of the proceedings therein. This is permissible with respect to her own claims. It appears, however, that Mary Ann was also permitted to represent her daughter, Laura, who was at that time, a minor. Contra Cheung v. Youth Orchestra Found. of Buffalo, 906 F.2d 59, 61 (2d Cir. 1990) (a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child)
 In any event, Laura, who is now an adult, is the sole plaintiff in 91-12558-WD. In this, and any future proceeding, Laura must either be represented by counsel or she may represent herself, pro se. Mary Ann Hickey may not file pleadings or appear on Laura's behalf. Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel. 28 U.S.C. Sec. 1654.").