[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10366

_____

D. C. Docket No. 06-02285-CV-T-26EAJ

JOHNNY E. ELLISON, JR.,

Plaintiff-Appellant,

versus

JEREMY LESTER,
Officer (PCSO),
DEPUTY FNU SIMPSON,
Officer (PCSO).
JOHN DOE, 1,
Officer (PCSO),
JOHN DOE, 2,
Officer (PCSO), et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 30, 2008)**

Before BIRCH  and DUBINA, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

Johnny E. Ellison, a Florida prisoner, initiated the present action by filing a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, against, inter alia, Deputy Jeremy Lester and other personnel at the Pinellas County Jail.  Ellison alleges that Deputy Lester destroyed his legal mail and personal property and assaulted him while he was handcuffed.  Ellison argues that the other defendants either failed to intervene or failed to treat his injuries after the attack.  The district court sua sponte dismissed the complaint as untimely, pursuant to 28 U.S.C. § 1915(e).  Ellison then filed a "Motion to Alter or Amend Judgment," which the district court denied.[1]  The district court also denied him leave to proceed on appeal.  We granted Ellison leave to proceed and determined that his action was not frivolous.  See  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).

Ellison filed this § 1983 action in December 2006. According to his recitation of facts, Deputy Lester assaulted him in March 2004.  Thus, nearly three

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

[1]  Because Ellison's motion for reconsideration was filed within 10 days of the entry of judgment, it is properly construed as a tolling Rule 59 motion.  See Stallworth v. Shuler, 758 F.2d 1409, 1410 (11th Cir. 1985) (per curiam) (holding that a timely motion under Fed.R.Civ.P. 59(e) to alter or amend a judgment suspends the finality of the judgment for purposes of appeal and tolls the time for taking appeal).

years elapsed before he filed his complaint. Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to § 1983. Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998); see also 42 U.S.C. § 1988(a) (providing that state law determines the statute of limitations applicable to a claim filed pursuant to § 1983).

The district court found that the statute of limitations was governed by Fla. Stat. § 95.11(5)(g), which provides a one-year statute of limitations for "action[s] brought by or on behalf of a prisoner . . . relating to the conditions of the prisoner's confinement." Therefore, the district court determined that the complaint was untimely. However, we have held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida. See e.g., Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam). Thus, the district court erred when it applied the one-year statute of limitations of Fla. Stat. § 95.11(5)(g).

Accordingly, we **REVERSE** and **REMAND.**