[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10493
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02512-TWT

JOHN W. MCDONALD,

      Plaintiff - Appellant,

versus

EMORY HEALTHCARE EYE CENTER,
C. DIANE SONG, M.D.,
MARK A. SIBLEY, M.D.,
FLORIDA EYE CENTER,
DANIEL B. POPE, et al.,

      Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 11, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

John W. McDonald, *pro se*, appeals the district court's dismissal of his civil medical-malpractice complaint as a sanction for his repeated violations of Federal Rule of Civil Procedure 11. Liberally construed, McDonald argues on appeal that the district court erred by sanctioning him under either Federal Rule of Civil Procedure 11(c) or 41(b). McDonald also asserts several ancillary arguments, in that (1) the district court violated 28 U.S.C. § 2072(b) and his Fifth Amendment right to due process in dismissing the complaint as a sanction without addressing his various motions for summary judgment, as the Federal Rules of Civil Procedure should not trump federal substantive law; (2) his various motions for summary judgment below were meritorious and should have been granted; (3) the district court erred by twice granting defendants' *ex parte* motions for a stay of discovery and violated McDonald's Fifth Amendment rights; and (4) defendants criminally conspired against him during the proceedings below by joining their defenses in opposition to his motion for leave to amend his complaint.

## I.

We review all aspects of a district court's Rule 11 determination for an abuse of discretion. *McGregor v. Board of Comm'rs*, 956 F.2d 1017, 1022 (11th Cir. 1992). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v.*

2

*United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted). Although we show leniency to *pro se* litigants, we will not serve as *de facto* counsel or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Diversity jurisdiction exists for lawsuits between citizens of different states when the amount in controversy exceeds the statutorily prescribed amount. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity in that each defendant much be a citizen of a different state than each plaintiff. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). A district court may impose Rule 11 sanctions for conduct that occurred during a proceeding in which the court lacked subject-matter jurisdiction because imposition of Rule 11 sanctions does not require adjudication of the underlying controversy and the goal of Rule 11 is punitive rather than to force compliance. *Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S. Ct. 1076, 1081 (1992).

Rule 11(b) provides, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party" certifies to the best of his knowledge that: (1) the pleading is not being presented for an improper purpose; (2) the "legal contentions are warranted by existing law

3

or by a nonfrivolous argument" to change existing law; and (3) "the factual contentions have evidentiary support or . . . will likely have evidentiary support after . . . discovery." Once the court determines, after giving the offending party notice and a reasonable opportunity to respond, that Rule 11(b) has been violated, the court "may impose an appropriate sanction" on the offending party based on (1) a motion filed by the non-offending party subsequent to the passage of the 21-day safe harbor pursuant to Rule 11(c)(2), or (2) the court's own initiative pursuant to Rule 11(c)(3). Fed. R. Civ. P. 11(c); *see Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) (holding that due process requires notice and an opportunity to respond before imposition of Rule 11 sanctions).

"The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (citation and quotation omitted). Because Rule 11 incorporates an objective standard, the court has to determine "whether a reasonable [litigant] in like circumstances could believe his actions were factually and legally justified." *Id.* (citation omitted) (addressing Rule 11 sanctions in the context of an offending attorney using a reasonable attorney standard). Nevertheless, we have held that, because court-initiated sanctions under Rule 11(c)(3) do not involve the 21-day safe harbor provision for the

4

offending party to correct or withdraw the challenged submission, the initiating court must, in addition to issuing a "show-cause" order, employ a more stringent "akin to contempt" standard in deciding whether the offender's conduct is sanctionable. *Id.* at 1255–56; *see* Fed. R. Civ. P. 11, advisory committee notes (1993 Amendments) (providing that, "[s]ince show cause orders will ordinarily be issued only in situations that are akin to a contempt of court, [Rule 11] does not provide a 'safe harbor' to a litigant"). We have not elaborated on the "akin to contempt" standard, but have expressly declined to address the *mens rea* issue of whether the standard requires subjective bad faith from the litigant. *Kaplan*, 331 F.3d at 1255–56.

"[T]he selection of the type of sanction to be imposed lies with the district court's sound exercise of discretion." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002). However, the court's discretion to impose sanctions is not unrestricted, in that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Likewise, "[t]he conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed." *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998) (citation omitted). Specifically, we should consider the following factors in determining an

appropriate sanction: (1) "[w]hether the improper conduct was willful, or negligent;" (2) "whether it was part of a pattern of activity, or an isolated event;" (3) "whether it infected the entire pleading, or only one particular count or defense;" (4) "whether the person has engaged in similar conduct in other litigation;" (5) "whether it was intended to injure;" (6) "what effect it had on the litigation process in time or expense;" (7) "whether the responsible person is trained in the law;" (8) "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case;" and (9) "what amount is needed to deter similar activity by other litigants." Fed. R. Civ. P. 11, advisory committee notes (1993 Amendments).

To the extent that McDonald's dismissal was pursuant to Rule 11(c), we hold that the district court did not abuse its discretion based on McDonald's numerous Rule 11(b) violations, such as filing pleadings for the improper purpose of harassing the defendants and presenting claims that were frivolous and had no legal or factual support. Moreover, after finding that McDonald violated Rule 11, the district court complied with all requirements of Rule 11. Consistent with due process, the district court gave McDonald proper notice and opportunities to respond before imposing incremental sanctions. *See Attwood*, 105 F.3d at 613. The district court did not abuse its discretion by dismissing McDonald's complaint

6

with prejudice, finding that he had not only failed to comply with the court's previous orders but explicitly stated that he refused to do so.

## II.

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 41 for an abuse of discretion. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citation omitted). Rule 41(b) allows a court to dismiss an action if the plaintiff, *inter alia*, fails to comply with a court order. Even though Rule 41(b) expressly enumerates that the district court can only impose such a sanction after the defendant moves for involuntary dismissal, we have observed that many of our prior holdings "elide [the] neat distinction" between the limiting language of Rule 41(b) and the district court's inherent authority to manage its docket by *sua sponte* dismissing a complaint. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Next, because dismissal with prejudice under Rule 41(b) is considered a drastic sanction, the district court may only implement it after making two considerations: (1) whether one's failure to comply with a court order stems from willfulness or bad faith, and (2) whether lesser sanctions would not suffice. *Goforth*, 766 F.2d at 1535. Generally, we have held that a district court does not abuse its discretion in dismissing a civil complaint under Rule 41(b) where the record indicates deliberate and repeated

7

conduct of noncompliance.  *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999) (per curiam) (affirming dismissal under Rules 37(b) and 41(b) for appellant's continued interference with the discovery process even after the district court twice tried lesser sanctions to no avail).

We hold that the district court did not abuse its discretion in *sua sponte* dismissing McDonald's complaint under Rule 41(b), to the extent the court relied on that provision, for failure to comply with court orders.  We note that the dismissal was appropriate because (1) the record shows that McDonald's repeated conduct of noncompliance rose to a level of willfulness and bad faith rather than that of mere negligence, and (2) the district court specifically found that lesser sanctions would not have sufficed.

Accordingly, the district court did not abuse its discretion under either Rule 11 or 41(b) by dismissing McDonald's complaint.  In addition, we hold that McDonald's remaining arguments are meritless.  Based on a review of the record and the parties' briefs, we affirm.

**AFFIRMED.**