[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11312
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01516-RWS

AJIBOLA TAIWO LAOSEBIKAN,

Plaintiff-Appellant,

versus

THE COCA-COLA COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 24, 2011)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Ajibola Laosebikan appeals the district court's order dismissing, pursuant to

Federal Rule of Civil Procedure 12(b)(6), his employment discrimination suit and

state tort claims, as well as the court's orders permanently enjoining him from filing further suits against Coca-Cola and imposing sanctions against him. The complaint in the instant case is substantially similar to a previous complaint filed against Coca-Cola ("Laosebikan I") that resulted in summary judgment in favor of Coca-Cola, and which we affirmed on appeal. See Laosebikan v. Coca-Cola Co., 167 F. App'x 758 (11th Cir. 2006).

On appeal in the present case, ("Laosebikan II"), Laosebikan does not expressly challenge the dismissal of his complaint, but he argues that the court abused its discretion by imposing sanctions against him because his claims had merit and he did not pursue his complaint in bad faith. He also asserts that the court should have imposed sanctions against Coca-Cola because the company was engaged in fraud and attempted to harm him. Laosebikan next argues that the judges involved in his case at the district court should have recused themselves because they were biased; he argues they were aware of a "bribe" to a former law clerk in the form of an employment offer with Coca-Cola's counsel during Laosebikan I. Finally, he contends that the court abused its discretion by permanently enjoining him from filing prospective claims against Coca-Cola without first obtaining leave from the court.

Upon review of the record, and consideration of the parties' briefs, we dismiss in part and affirm in part.

## I.

Although not raised by either party, we are obligated to review our jurisdiction over the appeal sua sponte. See Thomas v. Crosby, 371 F.3d 782, 801 (11th Cir. 2004). We examine two separate jurisdictional issues in this case. First, in general, we only have jurisdiction to review those judgments, orders, or portions thereof that are specified in an appellant's notice of appeal. See Fed. R. App. P. 3(c)(1)(B) (the notice of appeal must "designate the judgment, order, or part thereof being appealed"); Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987). Second, an order imposing sanctions is not reviewable on appeal until the award is reduced to a sum certain. Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 n.1 (11th Cir. 2000).

In this appeal, we lack jurisdiction to review (1) any claim regarding the dismissal of Laosebikan's complaint, and (2) the order imposing sanctions against him. Laosebikan's notice of appeal specifically referenced district court orders that he was challenging but omitted the order dismissing his complaint, thereby negating any inference that he intended to appeal the dismissal of his complaint.

3

See Osterneck, 825 F.2d at 1529 ("[W]here some portions of a judgment and some orders are expressly made a part of the appeal, we must infer that the appellant did not intend to appeal other unmentioned orders or judgments.") (citations omitted). Second, when he filed his notice of appeal, the court had not yet reduced the sanctions order to a specific sum. Laosebikan did not subsequently file a new notice of appeal or amend his filed notice. Consequently, the sanctions order that he appealed from was not a final order, and, as a result, we lack jurisdiction to review it. Accordingly, we dismiss his appeal as to these issues.

## II.

Although we lack jurisdiction to review the district court's grant of sanctions against Laosebikan, we do have jurisdiction to review Laosebikan's claim that the court erred by refusing to impose sanctions against Coca-Cola.

We review a district court's Rule 11 determination for an abuse of discretion. McGregor v. Bd. of Comm'rs, 956 F.2d 1017, 1022 (11th Cir. 1992). Rule 11 requires district courts to impose "appropriate sanctions," after notice and a reasonable opportunity to respond, where a party submits a pleading to the court that (1) has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith or for an improper purpose. See Fed. R. Civ. P. 11(b); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002).

4

Here, Coca-Cola did not file a baseless defense or file any pleadings or motions with an improper purpose. Rather, it properly asserted that Laosebikan was precluded from relitigating his present complaint by res judicata. Consequently, the court did not abuse its discretion in denying Laosebikan's motion for sanctions against Coca-Cola.

### III.

We review a judge's decision not to recuse himself under 28 U.S.C. § 455 for an abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999) (per curiam). Under § 455, "a judge is under an affirmative, self-enforcing obligation to recuse himself sua sponte whenever the proper grounds exist." United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989). Section 455(a) instructs a federal judge to disqualify himself if "his impartiality might be reasonably questioned." We have held that a "law clerk's acceptance of future employment with a law firm would [not] cause a reasonable person to doubt the judge's impartiality so long as the clerk refrains from participating in cases involving the firm in question." Hunt v. Am. Bank & Trust Co. of Baton Rouge, La., 783 F.2d 1011, 1016 (11th Cir. 1986) (per curiam).

In his appeal, Laosebikan relies solely on the magistrate's law clerk's acceptance of future employment with Coca-Cola's counsel during Laosebikan I

to support his argument that the magistrate was biased. This fact does not cast a doubt on the court's impartiality because the clerk was removed from participating any further in Laosebikan's matters once she accepted the offer. Consequently, the judges in Laosebikan I and II did not abuse their discretion by not recusing themselves.

## IV.

We review a district court's decision to grant an injunction—including an injunction under the All Writs Act, 28 U.S.C. § 1651(a)—and the scope of the injunction for an abuse of discretion. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004) (grant of injunction) (citation omitted); CBS Broad., Inc. v. EchoStar Commc'ns Corp., 450 F.3d 505, 518 n.25 (11th Cir. 2006) (scope of injunction) (citation omitted). A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam) (citation omitted).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam). The All Writs Act allows courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." Klay, 376 F.3d at 1099 (quoting 28 U.S.C. § 1651(a)) (footnotes and citation omitted). This includes the power to enjoin litigants who are abusing the court system by harassing their opponents. Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980). A vexatious litigant does not have a First Amendment right to abuse the judicial processes with "baseless filings in order to harass someone to the point of distraction or capitulation." Riccard, 307 F.3d at 1298 (noting that requiring vexatious litigants to obtain leave of court before filing any further complaints does not violate the First Amendment (citing Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987))).

Here, the court did not abuse its discretion by issuing a permanent injunction to keep Laosebikan from filing any future complaints against Coca-Cola without court approval. First, because res judicata barred Laosebikan from raising the present complaint, Coca-Cola showed a substantial likelihood of success on the merits. Second, Coca-Cola demonstrated that it would suffer

7

irreparable harm by having to defend itself against a vexatious litigant who repeatedly asserted baseless allegations of fraud and criminal conduct against it. Third, Laosebikan would not be harmed as a result of the injunction and was not foreclosed from accessing the court because the order only required him to first submit any prospective complaint to the court for screening before it was filed. Lastly, contrary to Laosebikan's assertions, because his case did not concern a "labor dispute" within the meaning of 29 U.S.C. § 113, the Norris-LaGuardia Act provisions dealing with permanent injunction are not applicable to this case. See Bhd. of R.R.Trainmen v. Chi. River & Ind. R.R. Co., 353 U.S. 30, 40, 77 S.Ct. 635, 640, 1 L.Ed.2d 622 (1957) (stating that the "Norris-LaGuardia Act . . . was designed primarily to protect working men in the exercise of organized, economic power, which is vital to collective bargaining"). Therefore, the court did not abuse its discretion. Accordingly, we dismiss in part and affirm in part.

**DISMISSED IN PART, AFFIRMED IN PART.**