[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2011
JOHN LEY
CLERK

No. 11-10787
Non-Argument Calendar

_____

D.C. Docket No. 6:10-cv-00001-BAE-JEG

IAN HARRIS,

                                                    Plaintiff-Appellant,

versus

DEPUTY WARDEN OF CARE AND TREATMENT,
TAMARA BENNETT,
LISA WARNOCK,
BRYN HIGGINS,
Previous Mental Health Director(s) at Georgia State Prison,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 7, 2011)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Ian Harris appeals pro se the denial of his motion to withdraw the voluntary dismissal of his complaint against officials of the Georgia State Prison. We affirm.

The officials argue that we lack jurisdiction, but we disagree. Although "a party cannot appeal from an order granting a Rule 41(a)(2) dismissal," Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004), this Court has "jurisdiction to examine the district court's refusal to permit [a plaintiff from] . . . withdraw[ing] [a] voluntary dismissal," McGregor v. Bd. of Comm'rs of Palm Beach Cnty., 956 F.2d 1017, 1021 (11th Cir. 1992). Harris's notice of appeal and amended notice of appeal state that he is challenging the "order [of] February 3, 2011" that denied his "motion to withdraw" his voluntary dismissal. The denial of Harris's motion to withdraw is an appealable ruling.

The district court did not abuse its discretion by denying Harris's motion to withdraw. Before Harris's motion to withdraw reached the district court, Harris's "motion [to dismiss] ha[d] already been granted and the case dismissed." Because the district court dismissed Harris's complaint "without prejudice," Harris is free to file another complaint against the officials. Harris cannot fault the district court for refusing to undo the dismissal Harris had requested.

We **AFFIRM** the denial of Harris's motion to withdraw.

2