[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12232
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN P. LEY
ACTING CLERK

D.C. Docket No. 04-00030-CV-WLS-1

MARY THOMAS, in her individual capacity
as spouse of FERNANDEZ THOMAS and
as next friend of FERNANDEZ THOMAS, JR., and
DEONTE' THOMAS,

Plaintiff-Appellee,

versus

EARLY COUNTY, GA,
JIMMIE MURKERSON,
individually and in his official capacity
as Sheriff of Early County, Georgia,
TIMOTHY HARDRICK,
DONALD SKIPPER,
WILLIAM PRICE,
RONALD SUGGS,
TERREL COLLINS,
LYNN WEBB,
JACKIE LASH,
Individually and in their official capacity
as law enforcement officers,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 7, 2010)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Plaintiffs are the widow and children of Fernandez Thomas. Thomas died in the Early County jail as a result of what the Georgia Bureau of Investigation concluded was a suicide. Plaintiffs filed this 42 U.S.C. § 1983 action on March 10, 2004, two years after Thomas's death. The original complaint named Early County itself as a Defendant and named each of the other Defendants in their individual and official capacities. That complaint and all subsequent complaints alleged that Defendants caused Thomas to become emotionally distraught, then deliberately failed to prevent Thomas's suicide or, alternatively, that Defendants taunted Thomas and "physically and brutally attacked" him in the jail causing his death, and that Defendants conspired to lie and cover up the attack. (*See, e.g.*, R.1-1 ¶ 17.)

On September 10, 2004, Defendants moved to dismiss the complaint on numerous grounds, including that, as a matter of law, Early County and the Sheriff and deputies in their official capacities were immune from suit, were not "persons"

under 42 U.S.C. § 1983, and were not subject to respondeat superior liability. (R.1-13.) Rather than opposing Defendants' motion to dismiss the original complaint, Plaintiffs "acknowledg[ed] the validity of certain arguments which [were] raised by Defendants' Motion" and sought leave to amend their complaint. (R.1-23 at 2.) The First Amended Complaint, filed October 14, 2004, alleged five counts. The First Amended Complaint removed Early County from the style of the case and most of the allegations, but named Early County in Count IV and the prayer for relief. The First Amended Complaint specifically named the other Defendants in their individual capacities only. (R.1-22.)

Defendants moved to dismiss the First Amended Complaint and were partially successful. The court dismissed Count IV, finding that Early County was not intended to be a Defendant, and Count V which sought only attorney's fees under 42 U.S.C. § 1988, finding that the claim was not ripe. (R.1-38 at 3.) Plaintiffs had conceded both of these points in their response to Defendants' motion to dismiss. The court also ordered Plaintiffs to file a more definite statement as to Counts I, II, and III within 20 days. (R.1-38 at 5.)

Plaintiffs did not file a timely response to the order for a more definite statement. Two months later, Defendants moved to dismiss or strike Counts I, II, and III of the First Amended Complaint. Plaintiffs responded to that motion with a

3

request for more time to produce the more definite statement, based on the ill health of Plaintiffs' attorney.

On December 6, 2005, Plaintiffs filed a Second Amended Complaint. (R.1-45.) Count I of that complaint alleged that Defendants Skipper and Price caused Thomas to become emotionally distraught and suicidal and that Defendants Suggs, Hardrick, Collins, Webb, and Lash knew Thomas was suicidal and deliberately failed to prevent his suicide. (R.1-45 ¶¶13-17.) Count II alleged that all the individual Defendants "physically and brutally attacked" Thomas. (R.1-45 ¶¶23, 24.) And, Count III alleged that all the individual Defendants "physically and brutally attacked" Thomas and caused his wrongful death. (R.1-45 ¶¶30-31.) The Second Amended Complaint sought $2.5 million against all of the individual Defendants, jointly and severally, on each claim and $2.0 million against all of the individual Defendants, jointly and severally, as punitive damages on Counts II and III. (R.1-45 at 11-12.)

The individual Defendants answered the Second Amended Complaint. Eighteen months later, they moved for summary judgment. In addition to asserting legal defenses to the claims, Defendants presented the undisputed facts that all but two of the Defendants were not in the jail when Thomas died and that there was no evidence that any Defendant taunted or physically assaulted Thomas. Defendants also pointed to the lack of evidence that any of them were on notice that Thomas was

4

suicidal. In support of their motion, Defendants presented affidavits of each of the individual Defendants and cited the Georgia Bureau of Investigation autopsy and investigation report that concluded Thomas committed suicide. Plaintiffs did not oppose the motion for summary judgment. Instead, they moved for voluntary dismissal of the Second Amended Complaint without prejudice. Defendants stipulated to the dismissal.

After the case was dismissed and judgment entered, Defendants moved for an award of attorney's fees and expenses. That motion incorporated by reference Defendants' earlier-served motion for sanctions pursuant to Federal Rule of Civil Procedure Rule 11 and also argued for the award on the bases that Defendants were entitled to an award of fees and expenses as prevailing parties pursuant to 42 U.S.C. § 1988 and pursuant to the court's inherent powers.

The district court denied Defendants' motion. The court found that Plaintiffs had sued Early County and the sheriff and his deputies in their official capacities and that those parties, as a matter of law, were immune from suit. But, the court excused any error because the Eleventh Circuit en banc opinion that partially established the immunity had been issued less than nine months before Plaintiffs filed their original complaint. The court also found that Plaintiffs' counsel "demonstrated efforts he undertook to investigate claims and showed that he conducted depositions." (R.3-89

5

at 4.)  For those reasons, the court denied Rule 11 sanctions.  Denying Defendants' request pursuant to 42 U.S.C. § 1988, the court noted that Defendants had succeeded in having two of the five claims in the First Amended Complaint dismissed with prejudice but that the remaining three claims, restated in the Second Amended Complaint, were dismissed voluntarily and without prejudice.  (R.3-89 at 4.)  The court did not discuss Defendants' request for sanctions pursuant to the court's inherent powers.  Defendants appeal the denial of the motion.[1]

## II.  STANDARD OF REVIEW

"'[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *McGregor v. Bd. of Com'rs of Palm Beach County*, 956 F.2d 1017, 1022 (11th Cir. 1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 2461 (1990)). "Likewise an award of attorney's fees under 42 U.S.C. § 1988 may be overturned on appeal only for an abuse of discretion." *Id.* (citing *Fernandes v. Limmer*, 663 F.2d 619, 637 (5th Cir. Unit A 1981)).

## III.  CONTENTIONS OF THE PARTIES

[1] This appeal concerns only the question of attorney's fees and costs.  It does not present for review any rulings in the underlying case.

Defendants argue that the court abused its discretion in denying the fees and sanctions because Defendants were prevailing parties under 42 U.S.C. § 1988, the case was brought in bad faith and without a colorable basis in law or fact, and the claims were frivolous, unreasonable, and without foundation. Plaintiffs argue that the district court had no jurisdiction to award sanctions or attorney's fees because, at the time the court considered the question, Plaintiffs had already voluntarily dismissed their complaint and did not stipulate to continued jurisdiction of the district court for resolution of the fees and costs question. In the alternative, Plaintiffs argue that the district court did not abuse its discretion in denying Defendants' motion.

## IV. DISCUSSION

Plaintiffs' jurisdictional argument is meritless. The Supreme Court has said:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. *See* 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170, 59 S. Ct. 777, 781, 83 L. Ed. 1184 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 n.13, 102 S. Ct. 1162, 1166 n.13, 71 L. Ed. 2d 325 (1982).

*Cooter & Gell*, 496 U.S. at 395-96, 110 S. Ct. at 2455-56. In *Cooter & Gell*, the court concluded that a voluntary dismissal does not divest the district court of jurisdiction

7

to consider a Rule 11 motion. *Id*. at 398, 110 S. Ct. at 2457. For the same reasons, motions seeking attorney's fees and costs pursuant to statute or the court's inherent powers may be considered by the district court after dismissal. *Id.* at 396, 110 S. Ct. at 2456.

We consider Defendants' arguments under Rule 11 first. Rule 11 prohibits three types of conduct: filing a pleading that has no reasonable factual basis; filing a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change the law; and filing a pleading in bad faith or for an improper purpose. *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991) (citing *United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc)); Fed. R. Civ. P. 11(b).

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous–in view of the facts or law–and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound.

*Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (citing *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1563 (11th Cir.1992)).

8

We conclude that the district court abused its discretion in denying Defendants attorney's fees and expenses pursuant to Rule 11 because Plaintiffs' complaints had no colorable basis in law or fact and Plaintiffs' attorney should have known that.

As the district court recognized, the claims brought against Early County and the other Defendants in their official capacities were not legally cognizable at the time the original complaint was filed. (*See* R.3-89 at 3 (citing *Manders v. Lee*, 338 F.3d 1304, 1319-20 (11th Cir. 2003))). While Plaintiffs conceded error and responded to Defendants' first motion to dismiss by removing some of the legally unsupportable allegations, their First Amended Complaint continued to present a claim against Early County, based solely upon an allegation that the individual Defendants were "acting under the direction and control" of the county. (R.1-22 ¶28.) These allegations of vicarious liability fail as a matter of long-established law. *See City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989). Defendant Early County was dismissed with prejudice from the entire lawsuit as a result of Defendants' motion to dismiss the First Amended Complaint. Thus, Defendants incurred attorney's fees and costs in bringing two motions to dismiss these claims that were futile when pleaded.[2]

---

[2]Count V of the First Amended Complaint–which sought only attorney's fees pursuant to 42 U.S.C. § 1988 against all Defendants except Early County–was also dismissed with prejudice as a result of Defendants' second motion to dismiss. While the court found that the claim was not ripe as a matter of law, we do not suggest that a request for attorney's fees is frivolous because it is not ripe.

Additionally, Defendants incurred fees and costs in continuing to litigate, through three complaints, almost four years, and the filing of a summary judgment motion, claims that Plaintiffs have not supported with <u>any</u> evidence. Plaintiffs should have known at the time they filed the first complaint that there was no support for many of the factual allegations upon which their claims rested.[3] From the outset of the litigation and through the Second Amended Complaint, Count I alleged that the individual Defendants knew that Thomas was likely to kill himself but deliberately did nothing to stop him. Count II of that complaint alleged that the individual Defendants used excessive force against Thomas. And, Count III alleged that the individual Defendants caused Thomas's death through their use of excessive force. At the summary judgment stage, Defendants presented evidence that: (1) Defendants Murkerson, Lash, Hardrick, and Suggs were not on duty and not at the jail on the day of Thomas's death, had no interaction with him, and thus could not have known his state of mind or used any force against him; (2) Defendants Skipper and Price (the patrol officers who arrested Thomas) turned Thomas over to jail officials, were not involved in any way in Thomas's stay at the jail, and had no knowledge that Thomas

---

[3]The district court's finding that Plaintiffs' attorney investigated and conducted depositions during the pendency of the litigation is irrelevant. The investigation produced no facts to support Plaintiffs' claims. What is important is what the attorney knew or should have known at the time he filed the complaint. "[T]he court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney at the time of filing." *Jones*, 49 F.3d at 695 (citing *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1508 (11th Cir. 1993)).

10

had any intention of hurting himself; (3) Defendant Webb arrived at the jail just minutes before Thomas's body was discovered and never saw him alive and thus could not have known his state of mind or used any force against him; and (4) Defendant Collins (the jailer and the only Defendant who interacted with Thomas and was in the jail at the time of Thomas's death) did not mishandle Thomas, was not aware that Thomas intended to commit suicide, and, upon finding Thomas hanging from his own shirt in his cell, cut the shirt and obtained help to attempt to revive Thomas. (R.2-52 at 12-15 and exhibits.) Most of this information was in the Georgia Bureau of Investigation report that was available to the public as of May 8, 2002, less than two months after Thomas died. (R.2-52, Affidavit of Stacy Carson and attachments.) And, information not explicitly included in that report–for example, the fact that all but two of the Defendants were either not on duty or not in the jail at the time of the alleged use of excessive force–could have been obtained by Plaintiffs' attorney during the two years between Thomas's death and the filing of the lawsuit. Instead, Plaintiffs filed three complaints alleging facts without support and waited for Defendants to move for summary judgment. Then, in the face of the evidence presented in support of Defendants' motion, Plaintiffs voluntarily dismissed all of their claims without ever presenting any facts to support their allegations.

We hold that Defendants are entitled to recover attorney's fees and costs pursuant to Rule 11. Therefore, we do not address Defendants arguments seeking the same recovery pursuant to 42 U.S.C. § 1988 and the district court's inherent powers.

## V. CONCLUSION

We vacate the district court's March 31, 2009 order (R.3-89) and remand the case to the district court for its determination of the amount of attorney's fees and expenses to be awarded Defendants as sanctions under Rule 11. We leave to the district court a determination whether the fees and costs should be assessed against Plaintiffs, Plaintiffs' lawyer, or both.

VACATED AND REMANDED.