[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12910
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cv-00030-WLS

MARY THOMAS,
in her individual capacity as spouse of Fernandez
Thomas and as next friend of Fernandez Thomas, Jr., and
Deonte' Thomas,

Plaintiff - Appellant,

versus

EARLY COUNTY, GA,
JIMMIE MURKERSON,
individually and in his official capacity as Sheriff
of Early County, Georgia,
TIMOTHY HARDRICK,
DONALD SKIPPER,
WILLIAM PRICE,
individually and in their official capacity as law
enforcement officers, et al.,

Defendants - Appellees.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 29, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Chevene B. King, Jr. appeals from the final order of the district court awarding attorneys' fee award to Defendants-Appellees Early County et al. In the underlying wrongful death case, Thomas v. Early County, Ga., 360 F. App'x 71 (11th Cir. 2010), this Court held that Plaintiffs Mary Thomas et al. and/or their lawyer, King, had violated Fed. R. Civ. P. 11, "because Plaintiffs' complaints had no colorable basis in law or fact and Plaintiffs' attorney should have known that." Id. at 75. We then "remand[ed] the case to the district court for its determination of the amount of attorney's fees and expenses to be awarded [Early County] as sanctions under Rule 11," and left "to the district court a determination whether the fees and costs should be assessed against Plaintiffs, Plaintiffs' lawyer, or both." Id. at 77. On remand, the district court ordered lawyer King to pay $94,415.81 in sanctions. In this appeal, King argues that the district court abused its discretion by: (1) failing to consider King's ability to pay the award of Rule 11 sanctions; (2) basing the amount of sanctions on clearly erroneous findings of fact; and (3) partially basing the amount of sanctions on conduct that was not sanctionable. After careful review, we affirm.

We review an order awarding Rule 11 attorneys' fees for abuse of discretion. McGregor v. Board of Comm'rs, 956 F.2d 1017, 1022 (11th Cir.1992).

2

Federal Rule of Civil Procedure 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party" certifies to the best of his knowledge that: (1) the pleading is not being presented for an improper purpose; (2) the "legal contentions are warranted by existing law or by a nonfrivolous argument" to change existing law; and (3) "the factual contentions have evidentiary support or . . . will likely have evidentiary support after . . . discovery." Once the court determines that Rule 11(b) has been violated, the court "may impose an appropriate sanction" on the offending party based on a motion filed by the non-offending party. Fed.R.Civ.P. 11(c).

"The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (quotation omitted). "[T]he selection of the type of sanction to be imposed lies with the district court's sound exercise of discretion." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 (11th Cir. 2002). However, the court's discretion to impose sanctions is not unrestricted, in that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(4). Likewise, "[t]he conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed." Baker v. Alderman, 158 F.3d 516, 528 (11th Cir. 1998). Specifically, we should consider the following

3

factors in determining an appropriate sanction: (1) "[w]hether the improper conduct was willful, or negligent"; (2) "whether it was part of a pattern of activity, or an isolated event"; (3) "whether it infected the entire pleading, or only one particular count or defense"; (4) "whether the person has engaged in similar conduct in other litigation"; (5) "whether it was intended to injure"; (6) "what effect it had on the litigation process in time or expense"; (7) "whether the responsible person is trained in the law"; (8) "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case"; and (9) "what amount is needed to deter similar activity by other litigants." Fed.R.Civ.P. 11, advisory committee notes (1993 Amendments).

First, we are unpersuaded by King's claim that the district court abused its discretion in failing to consider King's ability to pay the amount of the award. As the record shows, the district court expressly considered King's financial condition when it said:

> Throughout his Memorandum, Plaintiff's counsel requests that the court use its discretion to impose an "appropriate sanction," and take into consideration the current difficult economic times, the small nature of Plaintiff's attorney's law practice, and Plaintiff's limited resources.
>
> . . .
>
> In order to comply with the decision of the Eleventh Circuit, the Court has carefully considered the parties' submissions and the chronology of this action.

Dist. Ct. Order at 5-6, 9. Thus, there is no merit to King's claim.

4

We also reject King's argument that the district court abused its discretion by determining the amount of sanctions based upon clearly erroneous findings of fact. Specifically, he claims that when the district court was choosing the kind of Rule 11 sanction to use, it noted how important deterrence was to Rule 11, and especially in this case, since the Plaintiffs had re-filed a second, identical wrongful death action after the Eleventh Circuit had issued its remand order finding Plaintiffs' case frivolous under Rule 11. Because, according to the record, Plaintiffs actually re-filed the second case before the Eleventh Circuit opinion was issued, King says that the district court clearly erred in making this factual finding and therefore abused its discretion in selecting the amount of sanctions to award.

Under our case law, "[a]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." In re Red Carpet Corp. of Panama City Beach, 902 F.2d 883, 890 (11th Cir. 1990) (emphasis added). The record here reflects that the district court may have mistakenly suggested that the case was filed after the Eleventh Circuit remand order, which deemed Plaintiffs' case frivolous and held that "Plaintiffs' complaints had no colorable basis in law or fact and Plaintiffs' attorney should have known that." 360 F. App'x at 75. Yet even though Plaintiffs may have filed their second, identical action before the Eleventh Circuit remand, the action was not dismissed

5

until a year <u>after</u> the Eleventh Circuit's order was issued.  Thus, any concerns the district court had about deterrence in this case remained the same: Plaintiffs were on notice of the frivolity of their claims, but they nevertheless maintained these claims in the second action for a full year, during which time they filed motions and discovery.  Further, as the district court noted, deterrence was a particular issue here because the district court had agreed to dismiss the first action <u>without</u> prejudice, in part because Plaintiffs' counsel had assured the court that it would not re-file the case in federal court, but rather, in state court.  But King re-filed in federal court anyway.

In short, on this record, whether Plaintiffs filed their second case before or after the Eleventh Circuit remand order is irrelevant.  The fact remains that even though the Eleventh Circuit notified the Plaintiffs that their case was frivolous, Plaintiffs were not deterred.  They continued to press their claims for a full year after the Eleventh Circuit order.  For this reason, we cannot say that the district court's decision to award monetary Rule 11 sanctions in this case was <u>based on</u> any clearly erroneous factual findings, and therefore, nor can we say that it abused its discretion in this regard.

Finally, we find no merit to King's claim that the district court abused its discretion by partially basing the amount of sanctions on conduct that was not sanctionable.  He says that Early County's original motion for Rule 11 sanction

6

was served on June 15, 2007, when the second amended complaint was pending, and thus that all of their filings before that time were not frivolous. However, although Early County's motion for sanctions was served during the pendency of Plaintiffs' second amended complaint, Early County argued in its motion that "Plaintiffs initial complaint in this cause was frivolous, unreasonable, groundless and lacking in any colorable factual or legal basis." (Emphasis added.) Furthermore, in the remand order, this Court held that: (1) "the claims brought against Early County and the other Defendants in their official capacities were not legally cognizable at the time the original complaint was filed"; (2) "Defendants incurred attorney's fees and costs in bringing two motions to dismiss these claims [original and first amended complaints] that were futile when pleaded"; (3) "Defendants incurred fees and costs in continuing to litigate, through three complaints, almost four years, and the filing of a summary judgment motion, claims that Plaintiffs have not supported with any evidence"; and (4) "Plaintiffs should have known at the time they filed the first complaint that there was no support for many of the factual allegations upon which their claims rested." 360 F. App'x at 75-76. Thus, any suggestion that Plaintiffs did not violate Rule 11 until they filed the second amended complaint is foreclosed by this Court's order, where we clearly found that all of Plaintiffs' complaints to date had been frivolous.

**AFFIRMED.**