[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2011
JOHN LEY
CLERK

No. 10-10619
Non-Argument Calendar

_____

D.C. Docket No. 4:04-cv-00105-MP-AK

ROSS J. LAWSON,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

Defendant-Appellee,

ALEPH INSTITUTE, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 25, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ross Lawson, a Florida prisoner, filed a *pro se* lawsuit against the Secretary of the Florida Department of Corrections in his official capacity (the "DOC") for injunctive and declaratory relief under 42 U.S.C. § 1983. In his complaint, Lawson alleged violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1, and the Florida Religious Freedom Restoration Act ("RFRA"), Fla. Stat. Ann. § 761.01.[1] Finding that Lawson's professed beliefs in Orthodox Judaism were insincere, the district court dismissed the action as frivolous under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, Lawson argues that the district court erroneously dismissed his suit as frivolous, inappropriately resolved disputed issues of fact about Lawson's sincerity, and failed to afford him adequate notice and an opportunity to present evidence before dismissing the complaint. After a review of the record, we affirm.

I.

---

[1] Lawson initially filed his complaint *pro se*. After eighteen months of litigation, Lawson retained counsel, who filed an amended complaint. Counsel later withdrew. Lawson proceeds *pro se* on appeal.

Lawson filed an amended complaint alleging that the DOC burdened his practice of Orthodox Judaism by, *inter alia*, denying him access to Kosher meals, denying access to daily and weekly religious services, and denying his right to observe Jewish holidays.[2]

The DOC moved to dismiss the complaint as frivolous because Lawson's religious belief were not sincere. It also requested dismissal as a sanction against Lawson for filing a frivolous lawsuit. In support of the motion, the DOC submitted records of Lawson's canteen purchases, which included poor boy sandwiches, cheeseburgers, and numerous other non-Kosher items. The DOC submitted several affidavits as well, including ones from Sergeant Dean Bevis, Chaplain David Kyle Giddens, and inmate Joseph Wiley. Bevis stated that the prison meal program served three meals a day and that inmates were eligible for an alternative entree. Bevis noted that Lawson had chosen the regular meal option while housed in administrative and disciplinary confinement. Chaplain Giddens stated that, based on his interactions with Lawson, Lawson was not sincere in his religious beliefs. He noted that Lawson had not attended Jewish morning prayer services over the past year and had rejected an offer for a work proscription for

---

[2] He also requested an emergency preliminary injunction requiring the DOC to provide Kosher meals and to exempt him from the grooming code. The district court denied the preliminary injunction and Lawson does not appeal from that order.

3

Saturdays because he had "too much legal work to do." Inmate Wiley, the canteen operator, stated that Kosher items were designated with a "K" on the canteen menu, he had sold non-Kosher items to Lawson, and he had seen Lawson eat non-Kosher foods.

In opposition to the motion to dismiss, Lawson filed a motion to strike the affidavits, disputed the content of the affidavits, and submitted affidavits of other inmates to establish that he had been deprived of the opportunity to practice his religion. He also submitted grievances and other documentation for the district court's consideration.

The magistrate judge recommended that the complaint be dismissed as frivolous because there was evidence that Lawson's religious beliefs were not sincere.[3] Over Lawson's objections, and after considering Lawson's motion, the district court adopted the magistrate judge's recommendation and dismissed the complaint with prejudice. This appeal followed.

II.

---

[3] At the time of the magistrate judge's recommendation, Lawson had not filed a response to the motion for sanctions. Lawson had timely tendered his response to the prison mail system, but his objections were not docketed in the district court until after the magistrate judge's report. In any event, the district court considered Lawson's response and the evidence before adopting the magistrate judge's recommendation.

On appeal, Lawson first argues that the district court abused its discretion by dismissing the action as frivolous. We review for abuse of discretion the district court's dismissal of an *in forma pauperis* action as frivolous under § 1915(e)(2)(B)(i). *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002). We also review for abuse of discretion a district court's decision whether to sanction pursuant to its inherent power. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

Section 3(a) of RLUIPA prohibits the government from imposing a "substantial burden" on the religious exercise of a prisoner, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1. "Although RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion, *see* 42 U.S.C. § 2000cc-5(7)(A), the Act does not preclude inquiry into

5

the sincerity of a prisoner's professed religiosity." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005). Thus, "prison officials may appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic." *Id.*

Section 1915(e)(2)(B)(i) provides that the district court shall dismiss the case of a prisoner proceeding *in forma pauperis* if the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "The PLRA accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* (quotation omitted). Additionally, a district court may dismiss a complaint as a sanction pursuant to either Federal Rule of Civil Procedure 41(b) or its inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal with prejudice is an extreme sanction. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Thus, regardless of the source of the court's authority, the district court must find both that the party against whom the sanction is imposed engaged

6

in a "clear pattern of delay or willful contempt" and that a lesser sanction would not suffice. *Betty K Agencies*, 432 F.3d at 1337-38.

On review, we conclude that the district court did not abuse its discretion by dismissing Lawson's action as frivolous. Although Lawson argues that the district court impermissibly resolved disputed issues of fact, the district court was permitted to "pierce the veil" of Lawson's factual allegations to determine the authenticity of his religious beliefs. Based on Lawson's canteen purchases and on the affidavits submitted by the DOC, the district court found that Lawson repeatedly ate non-Kosher food, never attended Jewish prayer services, and refused a work proscription for the Sabbath because the proscription would "mess up his lawsuit." We will not disturb these findings, which contain ample support in the record.

Although Lawson energetically denied and attempted to rebut these conclusions, Lawson's protracted failure to observe the most basic aspects of his faith was highly probative, and the district court did not abuse its discretion by dismissing the action as frivolous.

III.

Lawson next argues that the district court abused its discretion by dismissing the action without affording him adequate notice and an opportunity to present evidence to rebut the DOC's motion for sanctions.[4]

Due process requires that a party have adequate notice of the consequences of the conduct for which he has been sanctioned. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 632 (1962). But not every order entered without notice and a preliminary adversary hearing will offend due process. Rather, to determine the adequacy of the notice and hearing, this court will consider in large part whether the record shows that the party was aware of the consequences of his own conduct. *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1452 (11th Cir. 1985) (citing *Link*).

Here, Lawson filed a motion to strike, objections to the magistrate judge's report, and a memorandum of law. He included several affidavits, grievances, and other documentation for the district court's consideration. In granting the motion to dismiss, the district court expressly considered and rejected Lawson's argument and evidence. As the district court noted, during five years of litigation, Lawson

---

[4] Although Lawson objects that he was entitled to notice under Rule 11, the DOC moved for sanctions and dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), not under Rule 11. Additionally, although Lawson objects that the dispositive motions deadline had expired and that the motion for sanctions was the functional equivalent of a motion for summary judgment, the DOC moved for sanctions not for summary judgment, and the district court expressly found that no party was prejudiced by the delay in the revelation of the evidence.

8

"has had an opportunity to respond to every allegation and motion, and has responded, often and at length. His responses included extensive factual recitation and legal citations." In sum, Lawson received adequate notice and opportunity to present evidence before the district court dismissed the action.

**AFFIRMED.**