[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10619
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:04-cv-00105-MP-AK

ROSS J. LAWSON,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

Defendant-Appellee,

ALEPH INSTITUTE, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 13, 2011)

ON PETITION FOR REHEARING

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Ross J. Lawson's Motion for Rehearing is **GRANTED**. The panel's opinion of May 25, 2011 is withdrawn and the following opinion is substituted in its place.

Ross Lawson, a Florida prisoner, filed a *pro se* lawsuit against the Secretary of the Florida Department of Corrections in his official capacity (the "DOC") for injunctive and declaratory relief under 42 U.S.C. § 1983. In his complaint, Lawson alleged violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1, and the Florida Religious Freedom Restoration Act ("RFRA"), Fla. Stat. Ann. § 761.01.[1] Finding that Lawson's professed beliefs in Orthodox Judaism were insincere, the district court dismissed the action as frivolous under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, Lawson argues that the district court erroneously dismissed his suit as frivolous, inappropriately resolved disputed issues of fact about Lawson's sincerity, and failed to afford him adequate notice

---

[1] Lawson initially filed his complaint *pro se,* but paid the full filing fee with his complaint. After eighteen months of litigation, Lawson retained counsel, who filed an amended complaint. Counsel later withdrew. Lawson proceeds *pro se* on appeal.

and an opportunity to present evidence before dismissing the complaint. After a review of the record, we reverse and remand.

## I.

Lawson filed an amended complaint alleging that the DOC burdened his practice of Orthodox Judaism by, *inter alia*, denying him access to Kosher meals, denying access to daily and weekly religious services, and denying his right to observe Jewish holidays.[2]

The DOC moved to dismiss the complaint as frivolous because Lawson's religious beliefs were not sincere. It also requested dismissal as a sanction against Lawson for filing a frivolous lawsuit. In support of the motion, the DOC submitted records of Lawson's canteen purchases, showing that he purchased non-Kosher food items, as well as several affidavits from prison personnel supporting the DOC's position that Lawson's beliefs were insincere. In opposition to the motion to dismiss, Lawson filed a motion to strike the affidavits, disputed the content of the affidavits, and submitted affidavits of other inmates to establish that he had been deprived of the opportunity to practice his religion. He also submitted grievances and other documentation for the district court's consideration.

---

[2] He also requested an emergency preliminary injunction requiring the DOC to provide Kosher meals and to exempt him from the grooming code. The district court denied the preliminary injunction and Lawson does not appeal from that order.

Although Lawson paid his initial filing fee in full, the magistrate judge recommended that the complaint be dismissed as frivolous under 28 U.S.C. §1519 because there was evidence that Lawson's religious beliefs were not sincere and that Lawson be given a "strike" under § 1519(g).[3] Over Lawson's objections, and after considering Lawson's motion, the district court adopted the magistrate judge's recommendation and dismissed the complaint with prejudice.

## II.

On appeal, Lawson first argues that the district court abused its discretion by dismissing the action as frivolous. We review the district court's dismissal of action as frivolous under § 1915(e)(2)(B)(i) for abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

---

[3] At the time of the magistrate judge's recommendation, Lawson had not filed a response to the motion for sanctions. Lawson had timely tendered his response to the prison mail system, but his objections were not docketed in the district court until after the magistrate judge's report. In any event, the district court considered Lawson's response and the evidence before adopting the magistrate judge's recommendation.

Section 1915(e)(2)(B)(i) provides that the district court shall dismiss the case of a prisoner proceeding *in forma pauperis* (IFP) if the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

On review, we conclude that the district court abused its discretion by dismissing Lawson's action as frivolous under § 1915(e)(2)(B)(i). This court has held that "§ 1915(e) *only* applies to cases in which the plaintiff is proceeding [*in forma pauperis*]." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (emphasis added). Additionally, the Supreme Court has clarified that courts only review for frivolity under § 1915 when the plaintiff fails to pay the initial filing fee; this is not the case here. *See Neitzke v. Williams*, 490 U.S. 319, 325-26 (1989).

Lawson did not cite to our circuit precedent regarding § 1915 in his initial brief on appeal, nor did he specifically argue that the district court erred for dismissing his claim as frivolous under the IFP statute. Ordinarily when an appellant fails to make an explicit argument in his initial brief, we consider it waived. *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Georgia*, 633 F.3d 1297, 1309 n. 25 (11th Cir. 2011). Here, however, Lawson did

5

note in several places before the district court and the court of appeals that he paid the initial filing fee in full. And briefs filed by *pro se* litigants are to be read liberally. *United States v. Hung Thien Ly*, 646 F.3d 1307, 1316 (11th Cir. 2011). Because Lawson paid the filing fee in full at the time he filed his initial complaint, he was never subject to the statute governing the filings of IFP litigants. Thus, the district court erred when it dismissed his complaint for frivolity pursuant to that statute. The order of the district court is **REVERSED** and **REMANDED**.