[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12786
Non-Argument Calendar
_____

D.C. Docket No. 4:04-cv-00105-MP-GRJ

ROSS J. LAWSON,

Plaintiff - Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

Defendants,

DEPARTMENT OF CORRECTIONS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 17, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ross Lawson, proceeding pro se, has filed a motion to reconsider this court's order dated November 14, 2013, denying his motion for an injunction pending appeal.[1]  He also appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging that the Department of Corrections's (DOC) policies impose a substantial burden on his religious conduct in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and the Florida Religious Freedom Restoration Act (FRFRA) as a sanction under Federal Rule of Civil Procedure 11(c).  The district court's sanction relied on the magistrate judge's finding[2] that because Lawson did not have sincere beliefs in his faith he had "misrepresented facts . . . and pursued a frivolous, malicious claim."  The magistrate judge based this finding on evidence that Lawson did not attend morning prayer services, declined a work proscription for the Sabbath, and consumed non-Kosher foods.  The district court adopted the magistrate judge's Report and dismissed Lawson's claims as a Rule 11 sanction for filing a pleading

---

[1] Because he has not alleged any points of law or fact that this court overlooked or misapprehended in dismissing his appeal, his motion for reconsideration is denied.  *See* Fed. R. App. P. 40(a)(2).

[2] The magistrate's Third Report and Recommendation (Report) was filed on November 3, 2009 in response to the DOC's Emergency Motion for Sanctions and Evidentiary Hearing, which sought dismissal of the case as frivolous under 28 U.S.C. § 1915.  The district court's order adopting the Report as the basis for its Rule 11 dismissal of Lawson's case was filed on March 13, 2013.

containing false allegations.  Lawson argues that the district court inappropriately resolved genuine issues of material fact related to his religious sincerity.  Additionally, Lawson argues that the district court abused its discretion by granting Rule 11 sanctions based on a clearly erroneous assessment of the evidence.

This case comes before us now for the third time.  Previously, we affirmed the district court's decision to dismiss Lawson's claim as frivolous under 28 U.S.C. § 1915(e)(2)(B).  *Lawson v. Sec'y, Fla. Dep't of Corrs.*, 427 F. App'x 799, 801–02 (11th Cir. 2011) (per curiam).  However, Lawson's Motion for Rehearing was granted, and we ultimately reversed the district court's dismissal based on our determination that § 1915 did not apply to Lawson because he paid his initial filing fee in full.  *Lawson v. Sec'y, Fla. Dep't of Corrs.*, 454 F. App'x 706, 707–09 (11th Cir. 2011) (per curiam).  On remand, the district court clarified that it did not "dismiss[] [Lawson's] case as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) but rather as a sanction for filing a pleading containing false allegations, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure."  *Lawson v. Sec'y, Fla. Dep't of Corrs.*, No. 4:04–cv–00105–MP–AK, 2013 WL 978991, at *1 (N.D. Fla. Mar. 13, 2013).  After careful review, we reverse.

We review "all aspects of a district court's Rule 11 determination" for abuse of discretion.  *McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1022 (11th Cir. 1992) (per curiam).  A district court abuses its discretion by

"bas[ing] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990).

"[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Id.* at 396, 110 S. Ct. at 2456. Rule 11 sanctions may be assessed for, *inter alia*, filing a pleading that has no reasonable factual basis. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (per curiam). A court considering a motion for sanctions must determine whether a party's claims or assertions are objectively frivolous in fact or law, and, if they are, determine whether the person who signed the pleading should have been aware of the frivolity. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. Thus, where no evidence or only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (2010) (citation and internal quotation marks omitted); *see also Davis v. Carl*, 906 F.2d 533, 536 (11th Cir. 1990) (noting that the imposition of Rule 11 sanctions based on groundless factual allegations are only appropriate where "plaintiffs offer[] *no* evidence to

4

support their allegations"). Where the evidence, although "weak or self-serving," is reasonable, sanctions cannot be imposed. *Thompson*, 610 F.3d at 665 (internal quotation marks omitted).

Here, the district court abused its discretion by dismissing Lawson's claim as a Rule 11 sanction because it based its decision on a clearly erroneous assessment of the evidence. Our review of the record indicates that Lawson has provided some evidence supporting his allegation that he is a devout follower of Orthodox Judaism. Specifically, Lawson asserts that he was born Jewish and "has been a sincere adherent of the Jewish (Orthodox) faith since 1997." Additionally, he has provided evidence that he makes daily use of his religious texts and spends his mornings in prayer. Thus, the district court's imposition of sanctions pursuant to Rule 11 was based on a clearly erroneous assessment of the evidence. *See Davis*, 906 F.2d at 536 (stating that Rule 11 sanctions for factually groundless claims should only be imposed where "plaintiffs offer[] *no* evidence to support their allegations"). To be sure, the DOC has provided evidence suggesting that Lawson's beliefs are insincere—evidence relied on by the district court but disputed by the parties here on appeal. The dispositive issue, however, is not whether the DOC's rebuttal evidence is strong enough to defeat Lawson's claims on the merits. Rather, it is whether Lawson has provided *any* evidence supporting his claims. *See Cooter & Gell*, 496 U.S. at 396, 110 S. Ct. at 2456. He has. The

5

fact that Lawson has provided *some* evidence showing the sincerity of his beliefs is sufficient to establish that Rule 11 sanctions are inappropriate in this situation.  It is entirely possible that Lawson's claims will fail on the merits.  That does not, however, provide an avenue for dismissing his complaint as a Rule 11 sanction. Accordingly, we **REVERSE** the district court's decision to impose sanctions under Rule 11.

**REVERSED AND REMANDED.**